IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2353-D |
| | § | |
| DAVID GUTIERREZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant David Gutierrez has moved to dismiss Plaintiff David Jackson's *pro se* complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 7. United States District Judge Sidney A. Fitzwater has referred the motion to dismiss to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 8. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to the extent that the Court should dismiss with prejudice Jackson's federal claims and, to the extent that any state-law claims remain, decline to exercise supplemental jurisdiction over those claims.

**Applicable Background**

Jackson brings this action against Gutierrez, the Chairman of the Texas Board of Pardons and Paroles ("TBPP"), challenging the constitutionality, under the Ex Post Facto Clause, of a purported change in how frequently the TBPP reviews a defendant's

right to receive a full pardon. *See, e.g.,* Dkt. No. 1-4 at 3 ("The change in Parole Board for a full pardon took away a vested civil and criminal right where mandatory language of shall guaranteed Plaintiff a right to review for a full pardon every year." (citation omitted)). Jackson relatedly claims that his rights to due process and to equal protection have been violated "due to faulty records that still exist and prevent[ him] from being able to obtain meaningful employment" and that a "full pardon would [cure]" these violations. *Id.* at 3. And he seeks monetary compensation and a full pardon. *See id.* at 3, 4.

Jackson's complaint invokes provisions of the United States Constitution and cites 42 U.S.C. § 1983 but also, without substantive explanation or differentiation, cites provisions of the Texas Constitution and other sources of Texas law.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6)

motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted).

Although the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial

-4-

notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

To begin, it is not clear whether Gutierrez has been sued in his official or individual capacity. If sued in his official capacity, "those claims are against the entity that [Gutierrez] represents, that is, the Texas Board of Pardons and Paroles" and are therefore "barred by the Eleventh Amendment." *Beaty v. Tex. Bd. of Pardons & Paroles*, Civ. No. CC-07-037, 2008 WL 447724, at *6 (S.D. Tex. Feb. 18, 2008) (noting that the TBPP "is a division of the [Texas Department of Criminal Justice,] a state agency, and as such, is 'cloaked with Eleventh Amendment immunity'" (quoting *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); citations omitted)); *accord Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which

an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))).

If, however, Gutierrez has been sued in his individual capacity, to the extent that Jackson's claims are based on a decision to deny him a pardon, "parole board members are absolutely immune when performing their adjudicative functions, distinguishing such decision-making activities from administrative functions for which parole board members are entitled to only qualified immunity." *Hulsey v. Owens*, 63 F.3d 354, 356-57 (5th Cir. 1995) (per curiam) (collecting cases).

Nevertheless, for the reasons explained below, Jackson has not alleged plausible constitutional violations. And the undersigned notes, preliminarily, that it seems that Jackson is challenging changes in the pardon-review process, but the motion to dismiss interprets Jackson's lawsuit as challenging changes in the parole-review process. Regardless of which process changes Jackson actually challenges, the result is the same. And the established case law concerning parole should be applied to an equivalent challenge concerning pardons.

First, "there is no basis for a challenge to Texas parole practices based on the Due Process Clause," as the Fifth Circuit has held "'that a challenge to parole review procedures which affect the duration of confinement "might have implicated the narrow range of prisoner liberty interests remaining after *Sandin[ v. Conner*, 515 U.S. 472 (1995)]" but for the fact that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.'" *Clarke v. Director, TDCJ-CID*, No. 4:09cv404, 2012 WL 4120450, at *4 (E.D. Tex. Aug. 15, 2012) (quoting *Allison v. Kyle*,

66 F.3d 71, 74 (5th Cir. 1995) (quoting, in turn, *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995))), *rec. adopted*, 2012 WL 4120430 (E.D. Tex. Sept. 19, 2012).

But, "[i]nsofar as [Jackson] complains about the retroactive application of new parole policies, although there is no constitutionally protected liberty interest in parole in Texas for purposes of due process, an ex post facto challenge does not turn on the existence of a liberty interest." *Olstad v. Collier*, 326 F. App'x 261, 263 (5 th Cir. 2009) (per curiam) (citing *Orellana*, 65 F.3d at 32). That said, Jackson's ex post facto challenge – that the TBPP retroactively took away his right to a yearly full pardon review – fails. As explained in *Olstad*, "a new procedure that creates only a speculative and attenuated risk of increasing the measure of punishment does not violate the Ex Post Facto Clause." *Id.* (citing *Cal. Dep't of Corrs. v. Morales*, 514 U.S. 499, 508-09 (1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1078 (5th Cir. 1997)). There, the Fifth Circuit held that "[t]he imposition by the [TBPP] of a potential five-year set-off until Olstad's next parole review presents no ex post facto violation because its effect on increasing Olstad's punishment is merely conjectural" and that "the altered policy allowing for up to a five-year set-off creates only the most speculative and attenuated risk of increasing the measure of Olstad's punishment." *Id.* at 263-64 (citations omitted). Jackson's ex post factor challenge similarly fails. *See, e.g., Clarke*, at *5 ("Laws giving the Parole Board the ability to impose longer set-offs between parole reviews create only a speculative risk of increased punishment and do not violate the Ex Post Facto Clause." (citations omitted)).

Any equal protection claim also fails. The Fourteenth Amendment's Equal

Protection Clause prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws," U.S. CONST. amend. XIV, § 1, which "'is essentially a direction that all persons similarly situated should be treated alike,'" *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). And, in alleging an equal protection violation, a plaintiff typically claims that he "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Club Reno*, 568 F.3d at 212 (internal quotation marks omitted). Because that crucial allegation does not exist in the complaint, to the extent that an equal protection violation is alleged, that claim should be dismissed.

As all federal claims that are the basis for the removal of this action to this Court should be dismissed, to the extent that any state-law claims remain, the Court should decline to exercise supplemental jurisdiction over those claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v.*

*Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted). Here, that balance favors relinquishing jurisdiction over state-law claims that could be novel – for example, to the extent there is a basis under Texas law to distinguish parole procedures from pardon procedures – considering the early stage of this matter, in which the Court has not expended considerable resources.

## Recommendation

The Court should grant Defendant David Gutierrez's motion to dismiss [Dkt. No. 7] to the extent that the Court should dismiss with prejudice Plaintiff David Jackson's federal claims and, to the extent that any state-law claims remain, decline to exercise supplemental jurisdiction over those claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: December 28, 2017

                                                _____

                                                DAVID L. HORAN
                                                UNITED STATES MAGISTRATE JUDGE